# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HALIMAH Y. HASSAN,<br><br>        **Plaintiff,**<br><br>v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service Agency,<br><br>        **Defendant.** | 1:16-cv-162-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [7] ("Final R&R"). The Final R&R recommends dismissal of Plaintiff Halimah Y. Hassan's ("Plaintiff") Second Amended Complaint [6] pursuant to the Magistrate Judge's frivolity determination under 28 U.S.C. § 1915(e). Also before the Court are Plaintiff's Objections [9] to the Final R&R.

## I.  BACKGROUND

On April 15, 2016, Plaintiff, *pro se* filed her Initial Complaint [3] against Defendant Megan J. Brennan ("Defendant"), alleging general claims of harassment, retaliation, and wrongful termination. The Magistrate Judge granted

Plaintiff leave to proceed *in forma pauperis*. Because Plaintiff's Initial Complaint constituted an impermissible "shotgun pleading," and because she failed to plead facts to state a plausible claim, on April 15, 2016, the Magistrate Judge ordered Plaintiff to file, within twenty-one (21) days, an amended complaint complying with the directions in the order [2] (the "April 15th Order").[1] The Magistrate Judge also advised Plaintiff that failure to comply with the April 15th Order could result in dismissal for failure to state a plausible claim and for failure to follow a lawful order of the court. ([2] at 13).

On May 5, 2016, Plaintiff filed her Second Amended Complaint [6]. Plaintiff's Second Amended Complaint provides a revised factual background

---

[1] The Magistrate Judge's April 15th Order provides Plaintiff with the following directives:
1) Plaintiff **SHALL** provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs.
2) Then, Plaintiff **SHALL** allege each cause of action under a separate count. Immediately below each count heading, Plaintiff **SHALL** provide the relevant facts, including the approximate dates of significant relevant occurrences and, when possible, the individual who undertook the conduct that Plaintiff believes was unlawful and entitles her to relief.
3) Each count of the amended complaint **SHALL NOT** re-affirm and re-allege all factual allegations from the preceding counts, but instead, only the relevant paragraphs from the factual background section.
4) If she continues to seek damages, Plaintiff **SHALL** clearly state the grounds upon which she seeks damages and the amount.
5) Plaintiff also **SHALL** attach all relevant charges of discrimination she filed with the EEOC and all notices of decisions she may have received, or she must explain why copies of the documents are not available.

([2] at 12-13).

2

section in individually numbered paragraphs. Plaintiff alleges many of the same facts as alleged in the Initial Complaint. Plaintiff alleges that "Defendant hired [her] as a Postal Service Employee (PSE) on August 27, 2011, to work as a Markup Clerk in the Central Forward Processing." ([6] at 2). Plaintiff alleges she was employed until April 14, 2014, "when Defendant [] breached said oral and implied employment contract and violated public policy by terminating Plaintiff in retaliation for her numerous complaints and reports regarding events and practices that created an unfair, threatening, and hostile environment." (Id.). Plaintiff further alleges that she filed grievances while at two separate post offices, and filed EEOC complaints on April 26, 2013[2] "due to [alleged] disparities in treatment pertaining to a Junior PSE and discrepancies in pay" and April 16, 2014[3] due to alleged discrimination by her manager, Priscilla Rainwater. (Id. at 3-4). Plaintiff provides various examples of alleged discrimination, harassment, and retaliation, including an alleged attempt by a career clerk, Jameelah Johnson, to hit her with a "400 pound metal [t]ram used to carry loads of mail," additional verbal assaults by Johnson, and harassment by her manager, James Howard—all of which caused her "stress and humiliation" as a result. (Id. at 3). Plaintiff also states Defendant falsely claims she resigned. (Id. at 4). Finally, Plaintiff alleges Defendant had

---

[2] EEOC Agency No. 4K-300-0134-13. ([6] at 3).
[3] EEOC Agency No. 4K-300-0152-14. ([6] at 4).

actual and constructive notice of the "complained of acts," failed to prevent retaliation and harassment from occurring, and caused economic injury and damage to Plaintiff. (Id. at 5). Plaintiff then attempts to further address the deficiencies in her Initial Complaint by asserting specific causes of actions, including (1) wrongful termination (breach of contract); (2) wrongful termination (public policy violation); (3) negligent infliction of emotional distress; (4) retaliation; and (5) harassment. (Id. at 5-9).

On July 26, 2016, the Magistrate Judge issued his Final R&R. In it, he found that Plaintiff's Second Amended Complaint not only fails to comply with his April 15th Order in violation of N.D. Ga. LR 41.3(A)(2), it once again constitutes "shotgun pleading." ([7] at 9). The Magistrate Judge specifically found that Plaintiff's Second Amended Complaint (1) failed to specify the factual allegations underlying each count; (2) failed to state a statutory basis for her claims; (3) failed to provide a copy of any EEOC charge or other complaint; and (4) failed to attach or otherwise allege that Plaintiff received a notice of right to sue from the EEOC. ([7] at 8-9). The Magistrate Judge also considered various attachments to Plaintiff's Second Amended Complaint regarding some of Plaintiff's EEOC charges, and found that (1) Plaintiff's April 26, 2013 charge was settled and thus voluntarily dismissed some time ago and (2) Plaintiff failed to show she exhausted

4

her administrative remedies as to the charge initiated on April 16, 2014. ([7] at 11-12).

On August 8, 2016, Plaintiff filed her Objections. Plaintiff objects to three statements in the Final R&R. First she objects to the statement that "[s]he had not made clear which facts she provided with the intent of adding context to her claims."[4] ([9] at 2). She then objects to the Magistrate Judge's statement that "Plaintiff did not specify the factual allegations underlying each count of the complaint, but instead stated in each first paragraph each count that she 'allege[d] all the allegations contained in the complaint.'" (Id.). Plaintiff finally objects to the statement that "Plaintiff failed to state the statutory basis for her claims."[5] Included in the final objection is an objection to the Magistrate Judge's determination that Plaintiff did not exhaust all administrative remedies as to her

---

[4] This statement is included in the Final R&R as part of an explanation of the Magistrate Judge's first frivolity review. Plaintiff's objection to this fact is irrelevant here and unrelated to the reasoning or findings in the Final R&R. Plaintiff's first objection is thus overruled.

[5] In his April 15th Order, the Magistrate Judge found that Plaintiff failed to state a statutory basis for her claims as generally required in wrongful termination claims in Georgia, which "require a statutory basis or facts at least suggesting the existence of an employment contract." ([7] at 9, n.1). In her Objections, Plaintiff for the first time conclusorily alleges that she was hired by the U.S. Postal Service under a contract and American Postal Workers Union agreement. ([9] at 3). Plaintiff provides no additional details of the alleged contract, no further allegations, and no documentation. The Court agrees with the Magistrate Judge that Plaintiff has failed to state a statutory basis for her claims, and thus Plaintiff's objection on this issue is overruled.

5

April 16, 2014 EEOC charge. (Id. at 4). She submits a "Notice of Final Action" as an attachment indicating that she in fact received a notice of right to sue. (Id. at 5).

## II. LEGAL STANDARD

### A. Frivolity Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

6

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

    B.    *Pro Se* Pleading Standard

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005); Grigsby v. Thomas, 506

7

F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    C.    Review of Magistrate Judge's Final R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Where, as here, Plaintiff has objected to the Final R&R, the Court conducts a *de novo* review.

**III. DISCUSSION**

Plaintiff's Second Amended Complaint is required to be dismissed on the grounds that (1) it constitutes a shotgun pleading, and therefore fails to state a claim upon which relief may be granted, and (2) is in violation of a lawful court order.

8

A.   Shotgun Pleading

Plaintiff's Second Amended Complaint is a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings often include conclusory or vague allegations, fail to specify which defendant is responsible for each act alleged, or contain counts that present more than one discrete claim for relief. See Silverthorne v. Yeaman, 668 F. App'x 354, 355 (11th Cir. 2016); Beckwith, 146 F. App'x at 372.[6] As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir.

---

[6]   With a shotgun pleading, it is often difficult to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. Id. (citing B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)). To allow these pleadings would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. The Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, 305 F.3d at 1296 n.9. This is true even where the plaintiff is *pro se*. *Pro se* plaintiffs "must comply with the procedural rules that govern pleadings," including the rule against shotgun pleadings. Beckwith, 146 F. App'x at 371.

> These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S. v. Shelby Mut. Ins. Co.,760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)).

Plaintiff's Second Amended Complaint contains five counts, and each count incorporates all allegations in the Second Amended Complaint into each distinct count[7]—making it impossible to decipher which factual allegations and legal conclusions apply to which count. The Court will not "sift through" the Plaintiff's various factual and legal allegations to determine which ones are material to which particular causes of action. The Second Amended Complaint also frequently asserts generalized allegations against "the Defendants" or "Defendants, and each of them" in an action with only one party Defendant. (See e.g., Sec. Am. Compl. ¶¶ 8-10, 23, 27, 33, 35). Plaintiff appears to claim to assert allegations against an unidentified set of non-party defendants. The Second Amended Complaint contains many vague and conclusory allegations. (See, e.g., Sec. Am. Compl. ¶ 20, "Defendant Employer did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure

---

[7]  Plaintiff's objection to the Magistrate Judge's statement that she failed to "specify the factual allegations underlying each count" and instead incorporated all allegations into each count is overruled. It is plain from Plaintiff's Second Amended Complaint that Plaintiff did so.

11

Plaintiff."). Plaintiff's Second Amended Complaint[8] thus warrants dismissal on the grounds that it is "shotgun" pleading and "fatally defective."[9]

---

[8] The Magistrate Judge also considered attachments to the Second Amended Complaint. The first attachment relates to Plaintiff's April 26, 2013 EEOC complaint (4K-300-0134-13), which contained allegations that Plaintiff suffered an adverse action relating to her duty hours in retaliation for filing a union grievance, being a single mother, and being perceived to be a Muslim. ([6.1] at 1-3). The same attachment shows, however, that Plaintiff settled those claims on July 22, 2013. (Id. at 4-5). The Court agrees with the Magistrate Judge that to the extent Plaintiff seeks to assert this claim, it was voluntarily dismissed more than four years ago. ([7] at 12).

The second attachment relates to Plaintiff's April 16, 2014, EEOC complaint (4k-300-0152-14), which contained allegations that Defendant discriminated against her or harassed her based on her sex and retaliated against her based on her prior EEOC activity. ([6.2] at 10-11). The attachment indicates that the matter came before an administrative law judge ("ALJ") upon a motion for summary judgment filed on July 2, 2015. ([6.2] at 1-25). The Magistrate Judge found it impossible to determine whether Plaintiff fully exhausted her administrative remedies on this claim prior to filing the action because "neither the second amended complaint nor its attachments indicate whether the ALJ decided the motion, or if she did, what she decided and when." ([7] at 17). Plaintiff disputes this finding in her Objections, and provides the U.S. Postal Service's Notice of Final Action as to the claim as an attachment to her Objections. ([9] at 3, 5-6). The Notice of Final Action, issued July 30, 2015, indicates that the ALJ issued a decision on July 21, 2015 finding that Plaintiff failed to show she was "the victim of illegal discrimination." (Id.). Despite the additional information provided by Plaintiff in her Objections, it remains unclear to the Court, whether, as the Magistrate Judge concluded in the Final R&R, the filing deadline passed prior to Plaintiff's initiation of this action. The Notice of Final Action provides that Plaintiff was entitled to "file a civil action in an appropriate U.S. District Court within 90 calendar days of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered." ([9] at 6). Plaintiff provides documentation that she mistakenly appealed the ALJ's decision on May 27, 2015, based on a proposed order filed by the U.S. Postal Service in

conjunction with its summary judgment motion. ([6.2] at 6-8). The U.S. Postal Service sought to have the appeal dismissed as premature. (Id.). Plaintiff provides no documentation and makes no allegation regarding whether her appeal was dismissed as premature, whether she appealed the ALJ's actual July 21, 2015 judgment, or, if she did, when the final decision on appeal was rendered. It is thus unclear to the Court whether Plaintiff's Second Amended Complaint is timely as it was filed nearly one year later. The Magistrate Judge's findings as to the exhaustion of remedies for the April 16, 2014 EEOC charge are adopted, and Plaintiff's objection regarding the same is overruled.

[9] The Magistrate Judge found that Plaintiff's claim for negligent infliction of emotional distress also is subject to dismissal because "[Georgia] recognizes no cause of action for negligent infliction of emotion distress." S&W Seafood Co. v. Jacor Broadcasting of Atlanta, 390 S.E.2d 228, 237 (1989); see also Harris v. Fulton-DeKalb Hosp. Auth., 255 F. Supp. 2d 1347, 1377-78 (N.D. Ga. 2002). Where a plaintiff is claiming negligent conduct, recovery may be allowed if physical injury occurred or if the defendant's conduct was malicious, willful or wanton and directed at the plaintiff. Clarke v. Freeman, 692 S.E. 80, 84-85 (2010); Kirkland v. Earth Fare, Inc., 658 S.E.2d 433, 436 (2008); Ryckeley v. Callaway, 412 S.E.2d 826, 826 (1992). The Court agrees with the Magistrate Judge that the Second Amended Complaint fails to show that Plaintiff suffered a physical injury or that Defendant's conduct was malicious, willful, or wanton.

The Magistrate Judge found that Plaintiff's claim for harassment also is required to be dismissed because, under Georgia law, the plaintiff must show, among other things, that the defendant, in the exercise of reasonable care, should have known of the harassing employee's reputation for harassment, it was foreseeable that the employee would engage in harassment of a fellow employee, and he was nonetheless continued in his employment. Orquiola v. Nat'l City Mortg. Co., 501 F. Supp. 2d 1134, 1162 (N.D. Ga. 2007). Under federal civil rights statutes, a harassment claim is actionable only where the plaintiff shows that the harassment was based on the employee's protected status and was "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." Watson v. Blue Circle, Inc., 324 F.3d 1252, 1257 (11th Cir. 2003). The Court agrees with the Magistrate Judge that the Second Amended Complaint fails to state a claim for harassment under either Georgia law or federal civil rights statutes because it does not allege facts that would enable a reasonable finder of fact to conclude any of the above elements are satisfied.

B.      Failure to Comply with a Court Order

Plaintiff's Second Amended Complaint also is subject to dismissal because Plaintiff failed to comply with the Magistrate Judge's April 15th Order. Plaintiff was not only given the opportunity to cure the deficiencies in her Initial Complaint, but was also provided with specific directives of how to do so in the April 15th Order. N.D. Ga. LR 41.3(A)(2) states that "[t]he court may, with or without notice to the parties, dismiss a case for want of prosecution if . . . plaintiff . . . fail[s] . . .to obey a lawful order of the court in the case." Contrary to the directives in the April 15th Order, Plaintiff's Second Amended Complaint fails to specify the factual allegations underlying each count. Plaintiff also fails to comply with the directive not to re-affirm and re-allege all factual allegations from the preceding counts.

The April 15th Order advised Plaintiff that failure to comply with the directives in it would result in a recommendation to the District Judge that he dismiss the matter for failure to state a plausible claim and for failure to follow a lawful court order. ([2] at 13). The Court agrees with the Magistrate Judge's finding that Plaintiff has failed to comply fully with the April 15th Order, and thus holds dismissal is warranted on these alternative grounds.

**IV. CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the R&R [9] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [7] is **ADOPTED IN PART**.[10]

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 3rd day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[10] The Court recognizes that Plaintiff has provided in her Objections additional documentation relating to her Notice to Sue for the April 16, 2014 EEOC action, 4K-300-0152-14. This new information does not alter the Court's decision to adopt the Magistrate Judge's conclusion that Plaintiff has not demonstrated that she timely filed the action. The Court does not adopt the statements in the Final R&R that discuss the uncertainty of the outcome of the EEOC action (e.g. whether the ALJ rendered a decision on the summary judgment motion).

15